UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
BINDER & BINDER, P.C.,

             Plaintiff,

      **MEMORANDUM
      OPINION AND ORDER**

- against -

JO ANNE BARNHART, Commissioner of
the Social Security Administration,      02-CV-2972 (TCP)

             Defendant.
------------------------------------------------------X
PLATT, District Judge.

      The United States Court of Appeals for the Second Circuit vacated and remanded this Court's decision granting summary judgment in favor of the Defendant Jo Anne B. Barnhart (the "SSA" or "Defendant"). *Binder & Binder, P.C. v. Barnhart*, 281 F.Supp.2d 574 (E.D.N.Y. 2003), *judgment vacated by*, 399 F.3d 128 (2d Cir. 2005). The question to be resolved on remand is whether this Court has subject matter jurisdiction over Plaintiff Binder & Binder, P.C.'s ("Binder" or "Plaintiff") claims.

## Background

      Although this Court presumes familiarity with the facts of this case as set forth in this Court's previous opinion, a brief review of the central facts is appropriate.

      Binder sought a declaratory judgment that it is entitled to retain

$1,200.00 in attorneys' fees that it received from the Defendant in connection with Binder's representation of a certain SSA claimant. The SSA stated that the fee award was sent in error and sought return of the $1200.00 on the ground that the SSA claimant received a discharge in bankruptcy of all of her personal debts, including Plaintiffs' alleged attorneys' charging lien.

In 2003, Binder moved for summary judgment and the SSA cross-moved for summary judgment to dismiss the Complaint. Binder argued that it had a federally protected property right to an attorney charging lien pursuant to New York Judiciary Law § 475 that may not be modified or extinguished without the benefit of notice and a hearing. The SSA maintained that under 42 U.S.C § 407, Social Security benefits are not subject "to execution, levy, attachment, garnishment, or other legal process, or to operation of any bankruptcy or insolvency law" and, since an attorney charging lien is a "legal process," Binder's alleged lien may not attach to the claimant's social security disability benefits.

This Court granted the SSA's motion on the grounds that "§ 407 bars attorney charging liens *otherwise created under state statute*" and "because no timely objection was made in the bankruptcy proceeding . . . ." *Binder*, 281 F. Supp. 2d at 579 (emphasis added).

On appeal, the Court of Appeals *sua sponte* questioned whether

this Court had subject matter jurisdiction over Plaintiff's claims. Plaintiff asserted in its Complaint that the district court had federal question jurisdiction over its claims because "this is a civil action arising under the Social Security Act and the Due Process Clause of the United State Constitution." (Compl. ¶ 4.) The Second Circuit held that merely invoking a federal statute was not enough to confer subject matter jurisdiction, especially when section 405(h) of the Social Security Act (the "Act") ordinarily bars federal question jurisdiction over suits brought under the Act. *Binder*, 399 F.3d at 130 *citing* 42 U.S.C. § 405(h).

In its decision, the Second Circuit described Plaintiff as having essentially one viable claim: that the Act created a vested property right in the fee award, in the form of an attorney charging lien. *Id.*[1] The court went on to assess three possible bases for subject matter jurisdiction: i) the right to appeal pursuant to section 405(g) of the Act; ii) Binder's claims arising under the Act; and iii) mandamus jurisdiction. The court dispensed with the first and third bases for jurisdiction,[2] and framed the analysis of the remaining basis for jurisdiction

---

[1] The Second Circuit held that Plaintiff's Due Process claim had no merit as the bankruptcy court's decision is not on appeal and thus subject matter jurisdiction may not rest on this claim. *See Binder*, 399 F.3d at 131.

[2] The Second Circuit held section 405(g) of the Act inapplicable because "that section limits judicial review to those decisions involving 'a party,'" which Binder is not. *Binder*, 399 F.3d at 130. Further, the viability of jurisdiction under the strict requirements of a writ of mandamus was deemed "unclear" since Binder had already been paid by the SSA, and thus there appeared to be no duty "to compel." *Id.*

question as follows:

> [W]hether [Plaintiff's] suit arises under federal law turns largely on the nature of Binder's claims. If one conceives of Binder's claims (both constitutional and statutory) as arising out of property rights created by section 406 of the Act, then there probably is federal jurisdiction. If, on the other hand, the salient question is whether Binder has an attorney's charging lien that falls within the definition of 'other legal process' as that term is used in section 407 of the Act, then there is likely no jurisdiction.

*Binder*, 399 F.3d at 132-33.

The court explained that Binder may not rely on the "other legal process" argument "because section 407(a) was raised as a defense by the SSA" and that "a defense does not create a basis for federal jurisdiction." *Id*. at 133. Section 406 thus remains as the only possible source for federal jurisdiction. The court then explained that it would not decide the jurisdiction issue, as this Court is in a better position to judge "the nature of Binder's claims." *Id*. at 132-33. The court stated that should the jurisdiction issue be resolved in favor of Binder, this Court could restore the original judgment in favor of the SSA. *Id.* at 133. Finally, the court noted that this Court be mindful of a recent disturbance in the law of the Second Circuit concerning the term "other legal process" when assessing the SSA's argument that Binder's claims are precluded by section 407 of the Act. *Id.* at 134-35. In *Washington State Department of Social Services v. Guardianship Estate of Keffeler*, 537 U.S. 371 (2003), the Supreme Court backed a restrictive

reading of this term, whereas the Second Circuit previously endorsed a more "expansive definition" of the term. *See Robbins ex rel. Robbins v. DeBuono*, 218 F.3d 197, 201 (2d Cir. 2001) *quoting Kriegbaum v. Katz*, 909 F.2d 70, 74 (2d Cir. 1990).

Following the Second Circuit's remand, this Court requested and received briefs from the Parties addressing the jurisdictional issue and whether, in light of the *Keffeler* decision, an attorney charging lien is akin to "other legal process" set forth in section 407 of the Act.

## Discussion

The Government maintains that Binder's alleged attorney's charging lien is an "other legal process" as defined by section 407 of the Act. In its most recent brief, the Government strives to demonstrate that an attorney charging lien has all of the characteristics associated with the specifically identified legal processes listed in section 407: execution, levy, attachment, and garnishment. (Def.'s Br. at 5-12.) By showing that an attorney charging lien shares similar characteristics with these other legal processes, the Government seeks to preserve its argument even under a restrictive reading of the term as endorsed by the Court in *Keffeler*.

Binder's alleged attorneys' charging lien is not an "other legal process" because it does not arise out of a judicial or quasi-judicial mechanism. *See Keffeler*, 537 U.S. at 385. In its Complaint, Binder asserts that its charging lien arises out of New York Judiciary Law § 475.[3] (Compl. ¶ 33.) No such judicial auspices attach to the statutorily created lien that Binder insists it has over the contested fee award. With this lien, an attorney can provide notice to others that he claims a lien but cannot enforce it like a court ordered attachment, garnishment, etc. Each of these mechanisms have judicial implementation and a traditional authentication behind them. *See Keffeler*, 537 U.S. at 385-86. Not having a viable claim for SSA purposes, Binder then has no federal claim.

This Court cited section 407 in its original opinion only to lay out the Government's position, not endorse it. *Binder*, 281 F. Supp. 2d at 579. Instead, this Court followed Judge Glasser's view that section 407 bars charging

---

[3] § 475. Attorney's lien in action, special or other proceeding

From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

New York Judiciary Law § 475.

liens created by state statute. *Binder*, 281 F.Supp.2d at 579 *citing Sokolowski v. Bowen*, 1987 WL 8089 (E.D.N.Y.). Indeed, Judge Glasser cited *Kerlinsky v. Commonwealth*, which, along with supporting the argument that social security funds "in the hands of the Commonwealth are not subject to attachment or lien by creditors," also observed that " . . . no exception was carved out in [42 USC § 1383] for an attorney's lien." 17 Mass. App. Ct. 501, 504 (Mass. App. Ct. 1984).

This Court therefore concluded that "the lien alleged by the Plaintiff does not exist." 281 F. Supp. 2d at 579. Nowhere in the opinion did this Court decide that an attorney charging lien is an "other legal process" under section 407. As such, *Keffeler* only serves to reinforce this Court's earlier decision. The alleged lien in this case is a statutory, not judicial lien. By granting summary judgment in favor of the SSA, this Court was in effect saying that Binder has no claim and thus Binder does not have federal subject matter jurisdiction.[4]

Plaintiff's claims are therefore **DISMISSED**.

---

[4] Notwithstanding the absence of any claim within Binder's Complaint that an attorney charging lien exists under the Act (*Binder*, 399 F.3d at 132), or its concession at oral argument before the Second Circuit that its claim was brought under the bankruptcy code (*id.*), Plaintiff claims that subject matter jurisdiction exists on the ground that it possesses a property right in the social security benefits at issue created by section 406(a)(4) of the Act. (Pl.'s Br. at 2-6.) Any property interest that might have existed would be under the alleged attorneys' charging lien, but as it is not a viable claim in this Court, such property right is naturally extinguished.

**SO ORDERED**.

                                                __/S/_____
                                                Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York
       August 18, 2005